1999 ME 13

Lynn JACK

v.

Scott TRACY et al.

Supreme Judicial Court of Maine.

Argued Jan. 7, 1999.

Decided Jan. 20, 1999.

Arthur J. Greif, (orally), Gilbert Law Offices, P.A., Bangor, for plaintiff.

Thomas J. Pelletier, (orally), Solman & Hunter, P.A., for Allstate Ins. Co.

John D. McElwee, Caribou, for State Farm Ins. Co.

Allan Hanson, Caribou, for Scott Tracy.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] The Superior Court (Aroostook County, *Pierson*, J.) reported this case to the Law Court pursuant to M.R. Civ. P. 72(c) after entering a judgment in favor of Allstate Insurance Co. on Lynn Jack's motion for a partial summary judgment. Jack contends that pursuant to the terms of Allstate's automobile liability insurance policy the insured is entitled to recover uninsured motorist benefits for the death of the insured's uninsured daughter. We agree and vacate the judgment.

[¶ 2] In July 1996, Jessica Jack died while a passenger in a car operated by Scott Tracy, an uninsured motorist. Jessica was fifteen years old, unmarried, and had no children. Jessica's mother, Lynn Jack, was insured by an automobile liability insurance policy issued by State Farm Insurance Co., under which Jessica was insured. This policy included an uninsured motorist provision.

[¶ 3] Jessica's father, Jeremiah Leary, was married to and living with Rita Rogers. Rogers' Allstate automobile liability insurance policy provided for uninsured motorist coverage of $100,000 per person and $300,000 per accident.

[¶ 4] According to the Allstate uninsured motorist policy.

> [Allstate] will pay damages for bodily injury, sickness, disease or death which an insured person is legally entitled to recover from the owner or operator of an uninsured auto. Injury must be caused by accident and arise out of the ownership, maintenance or use of an uninsured auto.

Pursuant to the policy, one of the three classes of "Insured Persons" is, "You and any resident relative." "You" is defined as, "the policyholder named on the declarations page and that policyholder's resident spouse." "Resident" is defined as "the physical presence in your household with the intention to continue living there."

[¶ 5] Lynn Jack, as personal representative of the estate of Jessica Jack, sued Tracy, Allstate and State Farm. The complaint alleged that Tracy was liable for Jessica's wrongful death and conscious suffering, and that Allstate and State Farm were jointly and severally liable to the estate for the limits of the uninsured motorist policies issued to Lynn Jack and Rogers.

[¶ 6] Jack moved for a partial summary judgment against Allstate, contending that Leary is entitled to recover uninsured motorist benefits pursuant to the Allstate policy for the death of Jessica, whether or not Jessica

is an "insured person" as governed by the policy. The court denied the motion and, at the request of Jack, reported the issue to the Law Court pursuant to M.R. Civ. P. 72(c).

[¶ 7] A summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any ... show that there is no genuine issue as to any material fact set forth in those statements and that any party is entitled to a judgment as a matter of law." M .R. Civ. P. 56(c). We review a summary judgment ruling for errors of law and view the evidence in the light most favorable to the non-moving party. *Greenvall v. Maine Mutual Fire Ins. Co.*, 1998 ME 204, ¶ 5, 715 A.2d 949, 951.

### UNINSURED MOTORIST POLICY

[¶ 8] The meaning of language in an insurance policy is a question of law. *York Ins. Group of Maine v. Van Hall*, 1997 ME 230, ¶ 8, 704 A.2d 366, 369. In reviewing the language of an insurance contract, "[t]he function of the court is not to make a new contract for the parties by enlarging or diminishing its terms, but is to ascertain the meaning and intention of the contract actually made." *Apgar v. Commercial Union Ins. Co.*, 683 A.2d 497, 500 (Me.1996) (citations omitted). We construe standard insurance policies "most strongly" against the insurer, *Gross v. Green Mountain Ins. Co.*, 506 A.2d 1139, 1141 (Me.1986), and "interpret unambiguous language ... according to its plain and commonly accepted meaning," *Brackett v. Middlesex Ins. Co.*, 486 A.2d 1188, 1190 (Me.1985).

[¶ 9] According to the plain language of the Allstate policy, to qualify for uninsured motorist benefits, one must be (1) "an insured person" who is (2) "legally entitled to recover from the owner or operator of an uninsured auto." Leary qualifies as "an insured person" pursuant to the Allstate policy, because he is the spouse and cohabitant of the policy holder. On appeal, Allstate does not contest this conclusion.

[¶ 10] Leary is also "legally entitled to recover from the ... operator of an uninsured auto:" pursuant to the Maine wrongful death statute, Leary can recover from Tracy for the wrongful death of his daughter. *See* 18–A M.R.S.A. § 2–804(b) (1998).[1] The wrongful death statute states that, although the action "must be brought by ... the personal representative of the deceased person, ... *the amount recovered in every such action ... is for the exclusive benefit of ... the deceased's heirs ... if there is neither surviving spouse nor minor children.*" *Id.* (emphasis added). The statute "grants no rights to the deceased." *Shaw v. Jendzejec*, 1998 ME 208, ¶ 6, 717 A.2d 367, 369. Rather, it "provides a cause of action only to the living relatives or heirs of the deceased." *Id.*[2]

[¶ 11] Because Jessica had neither a spouse nor children, Leary, as an heir, has a cause of action against Tracy for the wrongful death of Jessica, *see id.*, and is a statutory beneficiary of any amount recovered by the personal representative, *see* 18–A M.R.S.A. § 2–804(b). Consequently, Leary "is legally entitled to recover from the ... operator of an uninsured auto."

[¶ 12] Given that Leary is an insured person who is legally entitled to recover from an

---

1. Title 18–A M.R.S.A. § 2–804 provides in part:
   (a) Whenever the death of a person shall be caused by a wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then the person ... that would have been liable if the death had not ensued shall be liable for damages as provided in this section ....
   (b) Every such action must be brought by and in the name of the personal representative of the deceased person, and the amount recovered in every such action, except as otherwise provided, is for the exclusive benefit of the

surviving spouse if no minor children, and of the children if no surviving spouse, and one-half for the exclusive benefit of the surviving spouse and one-half for the exclusive benefit of the minor children to be divided equally among them if there are both surviving spouse and minor children, and to the deceased's heirs to be distributed as provided in section 2–106 if there is neither surviving spouse nor minor children. ...

2. At oral argument, Allstate conceded that Leary was entitled to recover for the wrongful death of Jessica.

uninsured motorist, we conclude that pursuant to the plain language of the Allstate policy Leary is entitled to uninsured motorist benefits for the death of Jessica caused by Tracy. *See Auto Club Ins. Ass'n v. DeLaGarza*, 433 Mich. 208, 444 N.W.2d 803, 805–07 (Mich.1989) (construing a similar policy and concluding that the insured was entitled to uninsured motorist benefits for the death of an uninsured relative for which the insured was legally entitled to recover from the uninsured motorist pursuant to the wrongful death statute). *But see Allstate Ins. Co. v. Hammonds*, 72 Wash.App. 664, 865 P.2d 560, 562 (Wash.Ct.App.1994) (concluding that a similar policy did not provide coverage).

Therefore, the court erred as a matter of law when it denied Jack's motion for a partial summary judgment against Allstate on the issue of policy coverage.

The entry is:

Judgment vacated and remanded for further proceedings consistent with this opinion.