STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-336
GAB - YOR - 2/6/2002

MATTHEW FLAHERTY, Individually and )
as the Personal Representative of the Estate )
of Charles M. Flaherty, )
and )
SUSAN CARLISLE, )
)
                           Plaintiffs )
)
vs. )
)
ALLSTATE INSURANCE COMPANY, )
)
                           Defendant )

**ORDER ON DEFENDANT'S
MOTION TO DISMISS**

This matter comes before the Court on Defendant Allstate Insurance Company's Motion to Dismiss Plaintiffs' Complaint. For the reasons set forth herein, the Court will grant Defendant Allstate Insurance Company's Motion to Dismiss.

Charles Flaherty was killed in a motor vehicle accident on January 1, 1999. The motor vehicle accident occurred in Bridgeport, Connecticut. Charles Flaherty was en route to his armed services duty station at Fort Bragg, North Carolina, when an uninsured tort-feasor, an individual who has a blood alcohol content of .23, allegedly was using cocaine, and was traveling northbound in the southbound lanes of Interstate 95, struck Charles Flaherty's vehicle, killing Charles Flaherty, his wife, and their children.

Count I of Plaintiffs' Complaint asserts a claim by Matthew Flaherty against Allstate Insurance Company, asserting that, as Personal Representative of Charles Flaherty's estate, Matthew Flaherty is entitled to uninsured motorist benefits under his

own uninsured motorist coverage and Maine's wrongful death statute. Such a claim was recently recognized by the Law Court in *Jack v. Tracy*, 1999 ME 13. Susan Carlisle asserts a similar claim.

Count I of Plaintiffs' Complaint must be dismissed for failure to state a claim. Under Maine's conflict of laws rule, the substantive law of Connecticut governs Plaintiffs' claims. Therefore, Connecticut's wrongful death statute rather than Maine's wrongful death statute applies. Connecticut's wrongful death statute, CGSA § 52-555, differs significantly from Maine's wrongful death statute. Where Maine's wrongful death statute creates a cause of action for the benefit of the heirs of the deceased, *Jack v. Tracy*, 1999 ME 13, ¶ 10; *Shaw v. Jendzejec*, 1998 ME 208, ¶ 6, Connecticut's wrongful death statute creates a right that "belongs, in effect, to the decedent, and to the decedent alone." *Sanderson v. Steve Snyder Enterprises, Inc.*, 491 A.2d 389, 397 (Conn. 1985). Under Connecticut's statute, "damages are not measured in terms of the loss sustained by the decedent's survivors." *Leland v. Chawla*, 467 A.2d 439, 440-41 (Conn. Sup. 1983). Whereas a personal representative is, by operation of Maine's wrongful death statute, "legally entitled to recover damages" from a tort-feasor who causes the death of the decedent, Connecticut's wrongful death statute creates no such right in the executor or administrator of a decedent's estate. Therefore, Count I of Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

Count II of Plaintiffs' Complaint asserts claims for "Individual Recoveries." In order for Matthew Flaherty or Susan Carlisle to be entitled to recover under the uninsured motorist coverage contained in their own Allstate policies, they must establish that they

-2-

are "legally entitled to recover damages" from the tort-feasor who caused Charles Flaherty's death. The Complaint does not allege that Matthew Flaherty or Susan Carlisle were involved in the motor vehicle accident. Therefore, they are not direct victims, to whom the tort-feasor owed a duty of care. Matthew Flaherty or Susan Carlisle could potentially recover from the tort-feasor as an indirect victim, if either was present at the scene of the accident, suffered mental distress as a result of observing the accident, and was closely related to Charles Flaherty. *Michaud v. Great Northern Nekoosa Corp.*, 1998 ME 213, ¶ 16. The Complaint does not allege that either Matthew Flaherty or Susan Carlisle was present at the scene of the accident. Therefore, Count II of Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

For these reasons, Defendant Allstate Insurance Company is entitled to dismissal, with prejudice, of Plaintiffs' Complaint.

The Clerk is ordered to make a notation in the docket incorporating by reference this Decision and Order, and entering judgment in favor of Defendant Allstate Insurance Company dismissing Plaintiffs' claims, with prejudice, and with costs to Defendant Allstate Insurance Company.

SO ORDERED.

Date: _____2/6/02_____          _____
                                     Justice, Superior Court

    Richard P. Olson, Esq.  - PLS
    Jonathan Brogan, Esq.   - DEF

-3-