STATE OF MAINE
PENOBSCOT, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.:CV-02-125

AMM - PEN - 1/27/2003

DONALD L. GARBRECHT
LAW LIBRARY

FEB 19 2003

DIAMOND MURPHY, as personal )
Representative of the estate of SHANON )
PATTERSON, )
)
Plaintiff )
)
v. )
)
ALLSTATE INSURANCE COMPANY )
And DAIRYLAND INSURANCE )
COMPANY, )
)
Defendants )

ORDER

FILED & ENTERED
SUPERIOR COURT

JAN 27 2003

PENOBSCOT COUNTY

Pending before the Court is Dairyland Insurance Company's ("Dairyland")

Motion for Summary Judgment[1] on Count Two of the Plaintiff's Complaint. For the

following reasons Dairyland's Motion for Summary Judgment is denied.

## Background

Diamond Murphy (the "Plaintiff") is the personal representative of the estate of

Shanon Patterson and the mother of Crystal Murphy. Complaint ¶1. Crystal Murphy and

Shanon Patterson are Calvin Patterson's parents. Complaint ¶2,3. On October 3, 1996,

both Crystal Murphy and Calvin Patterson resided in the Plaintiff's household. Complaint

¶2. On or about October 3, 1996, Shanon Patterson was riding a bicycle on Hudson Road

in Glenburn, Maine, when Larry Burns struck and killed him with his vehicle. Complaint

¶7. At the time of the accident Larry Burns had an insurance policy with Progressive

Insurance Company that provided liability coverage of $20,000.00 per person, which

Progressive has paid with the consent of one of the defendants to this action, Allstate

---

[1] Dairyland titled the present motion as a Motion to Dismiss/Motion for Summary Judgment.
Pursuant to M.R. Civ. P. 12(b)(6), when a party presents materials outside the pleadings the court
shall treat the motion as one for summary judgment.

1

Insurance Company ("Allstate"). Complaint ¶11. Calvin Patterson is Shanon Patterson's sole heir and the only person who can recover from Shanon Patterson's wrongful death. Complaint ¶12.

At the time of accident, Shanon Patterson lived with his foster parents, Roger and Claudia Hastings (the "Hastings"). Complaint ¶14. The Hastings had an automobile insurance policy with Defendant, Allstate. Complaint ¶15. Shanon Patterson was an insured under the Allstate policy and Larry Burns was an underinsured motorist within the meaning of the policy. Complaint ¶16, 17. At the time of the accident, the Plaintiff had an automobile insurance policy with Dairyland. Complaint ¶21. Calvin Patterson was an insured under the policy and Larry Burns was an underinsured within the meaning of the policy. Complaint ¶22, 23. The Plaintiff contends she, on behalf of Shanon Patterson's estate and Calvin Paterson, is entitled to Allstate's and Dairyland's underinsured motorist limits. Complaint ¶19, 25.

The Plaintiff alleges that on March 30, 2000, she demanded payment of Allstate's policy limits and Allstate refused to respond in violation of 24-A M.R.S.A. §2436-A(1)(B), (D), and (E). Complaint ¶27-29. The Plaintiff further alleges that on March 31, 2000, she demanded Dairyland's policy information and limits and Dairyland refused to respond in violation of 24-A M.R.S.A. §2436-A(1)(B), (D), and (E). Complaint ¶31-33. On August 20, 2002, Dairyland presented the present Motion for Summary Judgment on Count II of the Plaintiff's Complaint, which alleges coverage under the uninsured clause of Dairyland's policy.

The Dairyland policy provides uninsured motorist coverage for "damages, excluding punitive or exemplary damages, the owner or operator of an uninsured motor

2

vehicle is legally obligated to pay because of the bodily injury you suffer in a car accident while occupying a car or, as a pedestrian, as a result of having been struck by an uninsured motor vehicle." DSMF ¶1. The policy defines "you" as, "the person named on the declarations page and that person's husband or wife if a resident of the same household. It also means a member of the family who is a resident of the household and who doesn't own a car or whose spouse doesn't own a car". DSMF ¶2. The policy provides no uninsured motorist coverage, "if, without our written consent, settlement is made or judgment is taken against anyone responsible for your injury." DSMF ¶3. Dairyland contends Calvin Patterson did not suffer bodily injury in a car accident while occupying a car or as a pedestrian and there is no evidence that Shanon Patterson met the policy's definition of "you". DSMF ¶4, 5. Dairyland further contends the Plaintiff did not receive Dairyland's written consent before settling with Mr. Burns. DSMF ¶6.

### Arguments

Dairyland argues that because Calvin Patterson did not suffer injury and Dairyland did not insure Shanon Patterson, the policy does not entitle the Plaintiff to coverage. Further, Dairyland contends the Plaintiff settled with Mr. Burns without obtaining Dairyland's consent and therefore forfeited coverage pursuant to the terms of the policy.

The Plaintiff claims that Calvin Patterson is an insured under Dairyland's policy and Maine's wrongful death statute entitles him to collect for damages arising out of Shanon Patterson's personal injuries. Therefore the Plaintiff can collect pursuant to the policy in question. Further Dairyland has not shown, or alleged, that the Plaintiff's

3

failure to obtain consent before settling with Mr. Burns prejudiced them in anyway, and therefore may not deny coverage.

## Discussion

Summary judgment is no longer an extreme remedy. Curtis v. Porter, 2001 ME 158, ¶7, 784 A.2d 18. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56 (c), Beaulieu v. The Aube Corp., 2002 ME 79, ¶14, 796 A.2d 683. To avoid judgment as a matter of law in the defendant's favor, the plaintiff must establish a prima facie case for each element of the cause of action. Id. The Court views the facts in a light most favorable to the non-moving party. Johnson v. McNeil, 2002 ME 99, ¶8, 800 A.2d 702.

This dispute centers on the interpretation of Dairyland's insurance policy. The meaning of language in an insurance policy is a question of law. Jack v. Tracy, 1999 ME 13, ¶8, 722 A.2d 869. The Court does not make a new contract by enlarging or diminishing the terms of the policy, rather it ascertains the meaning of the contract the parties actually made. Id. However, the court presumes an automobile insurance contract incorporates all relevant mandatory statutory provisions pursuant to which the parties made the contract. Skidgell v. Universal Underwriters Insurance Company, 1997 ME 149, ¶7, 697 A.2d 831. Courts read existing statutes that govern the subject matter of a contract as part of the contract and statutory mandates control and override any contrary contract provisions. Id.

The Court must read the relevant portions of the Dairyland contract in light of Maine's uninsured motorist statute, 24-A M.R.S.A §2902, which provides:

> No policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle shall be delivered or issued for delivery in this State with

4

respect to any such vehicle registered or principally garaged in this State, unless coverage is provided herein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured, underinsured or hit-and-run vehicles, for bodily injury, sickness or disease, including death resulting from the ownership, maintenance or use of such uninsured, underinsured or hit-and-run motor vehicle.

Id. Section 2902 permits an insured person the same recovery that would have been available if the tortfeasor had the same insurance coverage as the injured party and courts construe the statute liberally to effectuate its purpose. Id at ¶8. Courts interpret conditions and exceptions in insurance contracts that limit coverage strictly against the insurer. Id.

The relevant portion of Dairyland's policy provides:

We promise to pay damages, excluding punitive or exemplary damages, the owner or operator of an uninsured motor vehicle is legally obligated to pay because of bodily injury you suffer in a car accident while occupying a car, or as a pedestrian, as a result of having been struck by an uninsured motor vehicle.

The definition of "you", according to the policy, includes Calvin Patterson because he is a "member of the family who is a resident of the household and who doesn't own a car or whose spouse doesn't own a car." However, Dairyland contends that since Calvin Patterson did not suffer bodily injury and the policy did not cover Shanon Patterson, the Plaintiff cannot collect pursuant to the policy.

Maine's uninsured motorist statute requires more extensive coverage than Dairyland has provided. The statute requires Dairyland to provide coverage for persons insured under their policy who are "legally entitled to recover damages" from an underinsured motorist. 18-A M.R.S.A. §2-804-(b), Maine's wrongful death statute, legally entitles Calvin, as Shanon's only heir, to recover damages for his father's wrongful death and therefore the uninsured motorist statute entitles Calvin to coverage.

Jack v. Tracy, 1999 ME 13, 722 A.2d 869, (Passenger's insured father was, under the wrongful death statute, legally entitled to recover from the operator of an uninsured motor vehicle and was entitled to uninsured motorist (UM) benefits).

Dairyland further contends that the policy does not provide for underinsured benefits in this case because Shanon Patterson was not injured while riding in a car or as a pedestrian, but was injured while riding a bicycle. Dairyland relies on Brackett v. Middlesex Insurance Company, 486 A.2d 1188, 1190 (Me. 1985), in support of their position. However, their reliance is misplaced. Dairyland contends that the Court in Brackett held that "a policy that covered insureds who were occupying a car (defined as a four-wheel motor vehicle) did not provide coverage for a person riding a motorcycle who collided with an uninsured driver." Defendants Reply Memorandum, page 2. The ruling in Brackett focused on the fact that the insured, who suffered injuries while riding an uninsured motorcycle he owned, could not rely on the underinsurance provision of another insured vehicle that he owned. The Court found that "uninsurance motorist coverage on one of a number of vehicles owned by an insured does not extend the benefits of such coverage, for no premium, to all other vehicles owned by that insured." Brackett, at 1191. However, the court specifically found that:

> the term "car" [according to the policy] clearly does not apply to a motorcycle. Interpreted according to its plain and generally accepted meaning, the exclusion from uninsured motorist coverage cannot operate to deny Brackett compensation for injuries sustained while riding a motorcycle owned by him and not insured by the Middlesex liability policy. We hold the Superior Court's decision that Brackett was excluded from coverage under this provision incorrect as a matter of law.

Brackett at 1189. The Court in Brackett did not base their decision to deny coverage on any "exclusion" in the policy.

The Court has previously held that a motorcycle is a motor vehicle within the definition of 24-A M.R.S.A §2902. Skidgell, 1997 ME at n.2, (citing Daigle v. Hartford Insurance Company, 573 A.2d 791 (Me. 1990)). In Skidgell the Court was faced with similar language in a Dairyland insurance policy that applied underinsured motorist coverage only to injuries suffered "in a car accident while occupying a car." Universal Underwriters Insurance Company argued this language prevented an individual injured on a motorcycle from recovering underinsured motorist damages, an argument shockingly similar to the one Dairyland makes in the present case. However, the Court, interpreting Dairyland's insurance policy, stated that "to the extent Dairyland's exclusion restricts Skidgell's right to recover damages resulting from her injuries alleged to be caused by an underinsured motorist, it is contrary to the purpose of the statute, and is against public policy." Skidgell, 1997 ME at ¶8.

To the extent Dairyland's exclusion restricts Calvin Patterson's right to recover damages, it is contrary to the purpose of 24-A M.R.S.A §2902, and is against public policy. Id. Calvin Patterson is an insured under Dairyland's policy and the policy, read in light of Maine's wrongful death statute and underinsured motorist statute, entitles him to underinsured benefits.

Finally, Dairyland contends the Plaintiff's settlement with Progressive Insurance Company, without their consent, bars recovery pursuant to the uninsured motorist coverage in Dairyland's policy. When an insured settles with an underinsured tortfeasor the insurer must demonstrate prejudice as a result of the loss of subrogation rights before they may deny coverage. Greenvall v. Maine Mutual Fire Insurance Company, 1998 ME

204, ¶12, 715 A.2d 949. Dairyland has not proven, or alleged, prejudice and therefore a question of material fact exists that precludes the entry of summary judgment. Id, at ¶13.

THE DOCKET ENTRY IS:

Dairyland's Motion for Summary Judgment is denied.

The clerk is ordered to incorporate this decision into the docket by reference.

_____
Justice, Superior Court

DATED:        January 27, 2003

8

DIAMOND MURPHY - PLAINTIFF
6018A EAST HIGHWAY 98
PANAMA CITY FL 32404
Attorney for: DIAMOND MURPHY
ARTHUR GREIF
GILBERT & GREIF
82 COLUMBIA ST
PO BOX 2339
BANGOR ME 04402-2339

vs
ALLSTATE INSURANCE COMPANY - DEFENDANT
P O BOX 9738
PORTLAND ME 04104
Attorney for: ALLSTATE INSURANCE COMPANY
EUGENE COUGHLIN
VAFIADES BROUNTAS & KOMINSKY
PO BOX 919
23 WATER STREET
BANGOR ME 04402-0919

DAIRYLAND INSURANCE COMPANY - DEFENDANT
P O BOX 584
WESTFORD MA
Attorney for: DAIRYLAND INSURANCE COMPANY
JON HADDOW
FARRELL ROSENBLATT & RUSSELL
PO BOX 738
BANGOR ME 04401-0738

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2002-00125

**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 07/03/2002

## Docket Events:

07/03/2002 FILING DOCUMENT - COMPLAINT FILED ON 07/03/2002
            EXHIBIT A & B ATTACHED

07/03/2002 Party(s):  DIAMOND MURPHY
            ATTORNEY - RETAINED ENTERED ON 07/03/2002
            Plaintiff's Attorney: ARTHUR GREIF

07/03/2002 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 07/03/2002
            FORWARDED TO PLAINTIFFS' ATTORNEY

07/16/2002 Party(s):  ALLSTATE INSURANCE COMPANY
            SUMMONS - CIVIL SUMMONS FILED ON 07/16/2002

07/16/2002 Party(s):  ALLSTATE INSURANCE COMPANY
            SUMMONS - CIVIL SUMMONS SERVED ON 07/09/2002
            AS TO DEFENDANT ALLSTATE INSURANCE CO. TO SUZANNE LACROIX, UNIT MANAGER.

07/16/2002 Party(s):  DAIRYLAND INSURANCE COMPANY
            SUMMONS - CIVIL SUMMONS FILED ON 07/16/2002