STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-174
RAC-Cum-12/11/03

YORK INSURANCE CO.
OF MAINE,

Plaintiff

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT
DEC 11 2003
RECEIVED

v.

ORDER

DENISE BOWDEN and
DAVID BOWDEN,

Defendants

DONALD L. GARBRECHT
LAW LIBRARY

JAN 21

Before this court is Defendants, Denise Bowden and David Bowden's Motion for Summary Judgment and Plaintiff, York Insurance Company of Maine's Cross Motion for Summary Judgment, pursuant to M. R. Civ. P. 56.

## FACTS

On April 26, 2002, an auto accident occurred between Defendant Denise Bowden and Jonathan Glatz. The accident was caused by the negligence of Jonanthan Glatz, age 17. As a result of the accident, the Defendant Denise Bowden sustained serious personal injuries. At the time of the accident, Jonathan Glatz was operating a 1993 Ford owned by his father, Garry Glatz. Jonathan Glatz was operating this vehicle with the permission of his father. This vehicle has been identified as an insured vehicle under a policy of motor vehicle liability insurance issued by Plaintiff, Commercial Union York Insurance Company. The policy provided for liability limits of $100,000 per person and a maximum of $300,000 per accident.

Jonathan Glatz's mother had no ownership interest in the vehicle operated by Jonathan. Prior to the accident she had obtained a motor vehicle liability policy of

insurance from Progressive Insurance Company. Defendant Denise Bowden received $100,000 from Progressive Insurance Company relating to the accident and $50,000 from York Insurance Company. In addition, Defendant David Bowden received $100,000 from Progressive Insurance Company and $50,000 from York Insurance Company because of the accident. Finally, because of these events, on March 27, 2003, Plaintiff filed a Complaint for Declaratory Judgment. On July 1, 2003, Defendants filed a Motion for Summary Judgment. In response, on August 27, 2003, Plaintiff's filed a Cross-Motion for Summary Judgment.

## DISCUSSION

In a motion for summary judgment, the moving party asserts that no genuine issue of material fact exists and that judgment may be rendered as a matter of law. When reviewing a motion for summary judgment this court must take into account that:

> [a] summary judgment is warranted when the statement of material facts and pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, cited in the statement of material facts establish that there is no genuine issue of material fact and that a party is entitled to a judgment as a matter of law.

Darling's v. Ford Motor Co., 2003 ME 21, ¶ 4, 817 A.2d 877, 879 (citing M. R. Civ. P. 56(c) (h)). In spite of language quoted in older cases, the Law Court has more recently noted that summary judgment is no longer considered an extreme remedy. Curtis v. Porter, 2001 ME 158, ¶ 7, 784 A.2d 18, 21.

In the case at bar, both parties agree that there exists no genuine issue of material fact. Consequently, the only legal question remaining is whether the Glatz vehicle qualifies as an underinsured motor vehicle within the meaning of the applicable statute and insurance policy. The meaning of the language used in an insurance contract is a

question of law. See Jack v. Tracy, 1999 ME 13, ¶ 8, 722 A.2d 869, 871; Peerless Ins. Co. v. Wood, 685 A.2d 1173, 1174 (Me. 1996). The Law Court construes insurance policies liberally in favor of the insured and any ambiguity in the contract is resolved against the insurer. See Peerless, 685 A.2d at 1174. Additionally, the Law Court views the language from the perspective of an average person. See id.

Here, the insurance policy provides; "[w]e will pay compensatory damages which an 'insured' is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle' because of "bodily injury': 1. sustained by an 'insured'; and 2. caused by an accident." (York Insurance Policy Auto Composite Endorsement at 2.) This court finds that this section of the policy is unambiguous. Accordingly, this court finds that the plain meaning of this provision, as a reasonable person would have understood the words, is that Plaintiff will pay the Defendants, if the owner [Garry Glatz] or operator [Jonathan Glatz] of an uninsured motor vehicle failed to pay.

The policy defines an "uninsured motor vehicle as including a land motor vehicle to which no bodily injury liability bond or policy applies at the time of the accident or to which there applies a policy whose limit for bodily injury liability must be less than the limit of liability for this coverage." Id. Moreover, under 24-A § 2902(1) an underinsured motor vehicle as defined as "a motor vehicle for which coverage is provided, but in amounts less than the minimum limits for bodily injury liability insurance provided for under the motorist's financial responsibility laws of this State or less than the limits of the injured party's uninsured vehicle coverage." 24 M.R.S.A. § 2902(1).

In the present case, Garry Galtz maintained "coverage" of $100,000, and Jonathan's mother maintained "coverage" of $300,000. Pursuant to these policies the

Defendants have received a total of $300,000. If this court looks at these payments individually within the plain meaning of the policy language it would determine that the owner of the vehicle is underinsured and has failed to pay. The Law Court, however, has held that courts do not look at the coverage on a vehicle individually, instead "coverage can be interpreted to encompass the aggregated limits of several insurance policies." Mullen v. Liberty Mut. Ins. Co., 589 A.2d 1275, 1276-77 (Me. 1991) (citing Connolly v. Royal Globe Ins. Co., 455 A.2d 932, 934 (Me. 1983)). Consequently, this court finds that the aggregate of the coverage available in this case is $400,000, which is more than the Defendants $300,000 of uninsured motorist coverage. Accordingly, this court finds that because the tortfeasor was insured to the same extent as Defendants, they have received adequate recovery. See Tibbetts v. Maine Bonding and Cas. Co. 618 A. 2d 731 (Me. 1992). Hence, this court finds that summary judgment is appropriate for the Plaintiff in this case.

WHEREFORE, this court **DENIES** Defendants Motion for Summary Judgment and **GRANTS** Plaintiff's Cross Motion for Summary Judgment, pursuant to M. R. Civ. P. 56.

Dated: December _1L_, 2003

Roland A. Cole
Justice, Superior Court

OF COURTS
land County
Box 287
ine 04112-0287

JAMES POLIQUIN ESQ
PO BOX 4600
PORTLAND ME 04112

F COURTS
nd County
ox 287
e 04112-0287

COLEMAN COYNE ESQ
PO BOX 1312
LEWISTON ME 04243