STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 02-271

LUCILLE LAROCHE,

Plaintiff

v.

ORDER

STATE FARM INSURANCE CO.

and

ONEBEACON INSURANCE CO.,

Defendants

DONALD L. GARBRECHT
LAW LIBRARY

JAN 21 2004

Before this court is Defendant OneBeacon's Motion for Summary Judgment and Plaintiffs Motion for Partial Summary Judgment, pursuant to M. R. Civ. P. 56.

## FACTS

On January 16, 1997, Plaintiff, Ms. Lucille LaRoche, was traveling on Route 114 and lost control of her vehicle, eventually leaving the road and striking a tree. At the time of the accident, Plaintiff LaRoche was traveling on business for her employer, Visiting Nurse Service of Southern Maine ("VNS"). Defendant OneBeacon Insurance was the issuer of a Business Auto Coverage policy for VNS. In addition, Plaintiff LaRoche was insured under a personal automobile policy with Defendant State Farm Insurance Company, which included uninsured motorist coverage.

On October 21, 2002, Defendant OneBeacon received its first written notice that Plaintiff LaRoche intended to seek benefits under VNS's policy for damages she asserts arose out of the accident. On December 6, 2002, Defendant OneBeacon informed

Plaintiff LaRoche that the claim for uninsured motorist coverage was being denied. Hence, on December 2, 2002, Plaintiff LaRoche amended her Complaint to provide for claims against Defendant OneBeacon. Subsequent to this, Defendant OneBeacon filed a Motion for Summary Judgment as to the Plaintiffs Complaint. In addition, on May 9, 2003, Plaintiff LaRoche filed a Motion for Partial Summary Judgment.

## DISCUSSION

In a motion for summary judgment, the moving party asserts that no genuine issue of material fact exists and that judgment may be rendered as a matter of law. When reviewing a motion for summary judgment this court must take into account that:

> [a] summary judgment is warranted when the statement of material facts
> and pleadings, depositions, answers to interrogatories, admissions on file,
> and affidavits, if any, cited in the statement of material facts establish that
> there is no genuine issue of material fact and that a party is entitled
> to a judgment as a matter of law.

Darling's v. Ford Motor Co., 2003 ME 21, ¶ 4, 817 A.2d 877, 879 (citing M. R. Civ. P. 56(c) (h)). In spite of language quoted in older cases, the Law Court has more recently noted that summary judgment is no longer considered an extreme remedy. Curtis v. Porter, 2001 ME 158, ¶ 7, 784 A.2d 18, 21.

### a. Count I

Defendant OneBeacon contends that summary judgment should be granted for it in regard to Count I, because Plaintiff LaRoche does not constitute an "insured" under the insurance policy it issued to her employer, VNS. On the other hand, Plaintiff LaRoche asserts that summary judgment should not be granted for Defendant One Beacon, due to ambiguous language, and instead partial summary judgment should be granted for her based on principles of public policy and statutory construction.

2

The meaning of the language used in an insurance contract is a question of law. See Jack v. Tracy, 1999 ME 13, ¶ 8, 722 A.2d 869, 871; Peerless Ins. Co. v. Wood, 685 A.2d 1173, 1174 (Me. 1996). The Law Court construes insurance policies liberally in favor of the insured and any ambiguity in the contract is resolved against the insurer. See Peerless, 685 A.2d at 1174. This rule of construction, however, that a policy should be construed more strongly in favor of coverage "'is a rule of last resort which must not be permitted to frustrate the intention the parties have expressed, if that can otherwise be ascertained.'" Tinker v. Continental Ins. Co., 410 A.2d 550, 554 (Me. 1980). Additionally, the Law Court views the language from the perspective of an average person. See Peerless, 685 A.2d at 1174.

First, Plaintiff LaRoche asserts that the term "you" is ambiguous. This court disagrees. The function of the court is not to make a new contract for the parties by enlarging or diminishing its terms, but is "'to ascertain the meaning and intention of [the contract] actually made.'" Tinker, 410 A.2d at 554 (Me. 1980) (quoting Johnson v. American Automobile Ins. Co., 131 Me. 288, 293, 161 A. 496, 498 (1932)). Here, the term "you" is conspicuously defined in the policy to "refer to the Named Insured shown in the Declarations." (OneBeacon Ins. Policy at 1.) The named insured shown in the declarations is VNS. This language is not ambiguous and would be viewed by the average person to mean the person who procured the policy. In this case, it is VNS.

Next, the policy at issue in this case provides, in part that "the following are 'insureds': you for any covered 'auto.'" Id. The policy further cites that "anyone else while using with your permission a covered 'auto' you own, hire or borrow" is also an insured, but "[y]our employee if the covered 'auto' is owned by that employee or a member of his or her household," is not considered an "insured" under the policy. Id. This court also finds that this language is not ambiguous. Consequently, it is necessary

3

for this court to apply this language to the facts of the present case. Here, Plaintiff LaRoche was driving her husband's personal automobile when the accident in question occurred. Thus, based on the language cited above, Plaintiff LaRoche would not be considered an "insured" under Defendant OneBeacon's policy.

The analysis, however, is not completed after this determination. Now it is necessary to determine whether or not Plaintiff LaRoche is an "insured" under the uninsured motorist provisions of the policy. The policy provides that Defendant OneBeacon "will pay all sums the 'insured' is legally entitled to recover as damages from the owner or driver of an 'uninsured motor vehicle.'" (OneBeacon Policy; Maine Uninsured Motorists Coverage at 1). This provision of the policy then states that an insured is "you; if you are individual, any 'family member;' anyone else 'occupying a covered auto or a temporary substitute for a covered 'auto.'" Id. Defendant argues that a "covered auto" in regard to uninsured motorist coverage refers only to owned automobiles subject to the compulsory uninsured motorist law. (OneBeacon Policy Business Auto Declarations at 1.) Plaintiff LaRoche asserts, however, that the Defendant provided mandatory liability coverage for category nine nonowned automobiles such as the one which she was driving at the time of her accident. (See OneBeacon Policy Business Auto Declarations at 1.)

The Law Court has held that "an automobile insurance policy is presumed to incorporate all relevant mandatory provisions of the statutes under which it was made." Feeney v. Hanover Insurance Co., 1998 ME 124, ¶ 8, 711 A.2d 1296, 1299 (citing Wescott v. Allstate Ins., 397 A.2d 156, 166 (Me. 1979)). Accordingly, the relevant insurance policy "must be interpreted consistently with the uninsured vehicle coverage provisions found in 24-A M.R.S.A. § 2902 (1990)." Feeney, 1998 ME 124 at ¶ 8. Section 2902 provides, in relevant part,

4

[n]o policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any such vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured, underinsured, or hit-and-run motor vehicles, for bodily injury, sickness or disease, including death resulting from the ownership, maintenance or use of such uninsured, underinsured or hit-and-run motor vehicle.

24-A M.R.S.A. § 2902(1). Here, Defendant OneBeacon has provided the Plaintiff LaRoche when acting as an agent of VNS with liability coverage. Therefore, this court finds that Defendant OneBeacon must provide Plaintiff LaRoche with mandatory uninsured motorist coverage when acting as an agent of VNS, pursuant to relevant public policy and 24-A M.R.S.A. §2902. Consequently, any provision in the Defendant's insurance policy, which provides otherwise is contrary to public policy and is unenforceable. See Cothren v. EMCASCO Ins. Co., 555 P.2d 1037 (Okla. 1976) (holding that the clause excluding coverage where the insured is occupying a vehicle owned by the insured, but not insured by the insurance company, inconsistent with the requirements of the Oklahoma uninsured motorist statute).

WHEREFORE, this court **DENIES** Defendant OneBeacon's Motion for Summary Judgment and **GRANTS** Plaintiff LaRoche's Motion for Partial Summary Judgment as to Count I, pursuant to M. R. Civ. P. 56.

Dated: December 19, 2003

Peter Clifford, Esq. - PLS
Christopher C. Dinan, Esq. - DEF. STATE FARM INS. CO.
Ronald Lupton, Esq. - DEF. ONE BEACON INS. CO.

G. Arthur Brennan
Justice, Superior Court

5