STATE OF MAINE                           SUPERIOR COURT
YORK, ss.                                CIVIL ACTION
                                         DOCKET NO. ALFSC-RE-18-088

CHARITY R. BLACKBURN and          )
THOMAS J. BLACKBURN,              )
                                 )
            Plaintiffs,          )            ORDER ON DEFENDANT
                                 )            FIRST AMERICAN TITLE
      v.                         )            INSURANCE COMPANY'S
                                 )            MOTION TO DISMISS
DWAINE K. DESJARDINS, AMY W.      )
DESJARDINS, and FIRST AMERICAN   )
TITLE INSURANCE COMPANY,          )
                                 )
            Defendants.           )

Plaintiffs Charity R. Blackburn and Thomas J. Blackburn ("the Blackburns") bring this action for trespass and declaratory judgment against Defendants Dwain K. Desjardins, Amy W. Desjardins ("the Desjardins"), and First American Title Insurance Company ("First American"). Defendant First American now moves to dismiss Count II of the Complaint pursuant to M.R. Civ. P. 12(b)(6).

I.    **Background**

Plaintiffs are the record owners of a parcel of real estate in East Waterboro, Maine ("Lot 2"), as evidenced by a deed (dated June 21, 2017) recorded in the York County Registry of Deeds at Book 17501, Page 539. (Compl. ¶ 1.) The Desjardins own a parcel adjacent to Plaintiffs' lot described in a deed dated April 14, 2017 and recorded in the York County Registry of Deeds at Book 17454, Page 262. (Compl. ¶ 2.)

After purchasing Lot 2, Plaintiffs learned that the Desjardins' septic system encroached on Lot 2. (Compl. ¶ 4.) The location of the Desjardins' septic system on Lot 2 prevents the Blackburns from building a house and locating a well and septic system there. (Compl. ¶ 5.)

1

Defendant First American Title Insurance Co. provided the Blackburns an Owner's Title Insurance Policy ("the Policy") at the time they purchased Lot 2. (Compl. ¶¶ 3, 11.) The Policy provides coverage against claims or encroachments on Lot 2. (Compl. ¶ 12.) There were no visible signs of the Desjardins' septic system on Lot 2, and a land survey would not have revealed its existence. (*See* Compl. ¶ 14.)

The Blackburns submitted a claim to First American based on their discovery of the encroachment of the Desjardins' septic field. (Compl. ¶ 14.) First American denied Plaintiffs' claim by letter dated April 5, 2018, based on its assertion that an accurate survey would have revealed the encroaching septic system. (Compl. ¶ 14.)

On October 11, 2018, the Blackburns filed their Complaint with the Court seeking to recover against the Desjardins for trespass (Count I) and seeking a declaratory judgment against First American stating that the title insurance policy purchased by the Blackburns covers their claim with respect to the encroaching septic system (Count II).

First American moved to dismiss Count II of the Plaintiffs' Complaint on November 1, 2018, appending to their motion a copy of the Policy.[1] Section 2(c) of the "Covered Risks" portion of the Policy insures "against loss or damage . . . sustained or incurred by the insured by reason of . . . [a]ny . . . encumbrance on the Title. This Covered Risk includes but is not limited to insurance against loss from . . . [a]ny encroachment . . . affecting the Title that would be disclosed by an accurate and complete survey of the Land." (Def.'s Mot. Dismiss, Ex. 1, at 1.) The Policy defines "Title" as the Blackburns' fee simple interest in Lot 2. (Def.'s Mot. Dismiss, Ex. 1, at 3, 6.)

---

[1] There is no dispute that the Policy is both referred to in, and central to, Count II of the Plaintiff's Complaint and is therefore appropriately considered in ruling on First American's Motion to Dismiss. *See Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 11, 843 A.2d 43,

2

Schedule B of the Policy contains exceptions that "do[] not insure against loss or damage . . . that arise by reason of . . . [a]ny facts . . . that are not shown in the public records but that could be ascertained by an inspection of the Land or by making inquiry of persons in possession" and "[a]ny encroachment . . . that would be disclosed by an accurate and complete land survey of the Land, and that are not shown in the public records." (Def.'s Mot. Dismiss, Ex. 1, at 7.)

## II. Discussion
### A. 12(b)(6) Standard and Construction of Insurance Contracts

When reviewing a motion to dismiss under Maine Rule of Civil Procedure 12(b)(6), the complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Ramsey v. Baxter Title Co.*, 2012 ME 113, ¶ 6, 54 A.3d 710. While the allegations contained in the complaint are considered true and admitted, *Richardson v. Winthrop Sch. Dep't*, 2009 ME 109, ¶ 5, 983 A.2d 400 (citation omitted), the court "is not bound to accept the complaint's legal conclusions[,]" *Bowen v. Eastman*, 645 A.2d 5, 6 (Me. 1994) (citation omitted). Dismissal is warranted only when the court is satisfied that it is "beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim." *Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, ¶ 15, 970 A.2d 310 (citation omitted).

"The meaning of language in an insurance policy is a question of law." *Jipson v. Liberty Mut. Fire Ins. Co.*, 2008 ME 57, ¶ 10, 942 A.2d 1213 (citing *Jack v. Tracy*, 1999 ME 13, ¶ 8, 722 A.2d 869). In determining whether coverage exists under an insurance contract, the Court must evaluate "the instrument as a whole[,]" considering "if and how far one clause is explained, modified, limited or controlled by the others." *Id.* (quoting *Me. Drilling & Blasting, Inc. v. Insurance Co. of N. Am.*, 665 A.2d 671, 675 (Me. 1995)) (internal quotation marks omitted).

3

Ambiguities in an insurance contract are "construed in favor of the insured." *Id.* (citing *York Ins. Group v. Van Hall*, 1997 ME 230, ¶ 8, 704 A.2d 366). "Contractual language is ambiguous if it is 'reasonably susceptible of different interpretations.'" *Id.* (quoting *Cambridge Mut. Fire. Ins. Co. v. Vallee*, 687 A.2d 956, 957 (Me. 1996)). "Exclusions and exceptions in insurance policies are disfavored and are construed strictly against the insurer." *Pease v. State Farm Mut. Auto. Ins. Co.*, 2007 ME 134, ¶ 7, 931 A.2d 1072 (quotation marks omitted).

## B. Analysis

First American argues Plaintiffs' claims are not covered under the Policy because (1) the encroachment of the septic system does not fall within the "Covered Risks" provision of the Policy, and (2) the exceptions to coverage apply.

### 1. An encroachment can "affect[] Title" within the meaning of the Policy, and coverage is expressly "not limited to" the enumerated defects.

First American argues, as a preliminary matter, that the encroaching septic system does not "affect[]" the Blackburns' "Title," i.e., their fee simple interest in Lot 2.

"[O]ne of the most essential sticks in the bundle of rights that are commonly characterized as property" is "the right to exclude others." *Kaiser Aetna v. United States*, 444 U.S. 164, 176 (1979) (dictum). An encroachment, or continuing trespass, deprives a holder of fee simple the right to control who or what is on their property. Moreover, the marketability of title can be affected by the presence of an encroachment on the property. *See Depositors Trust Co. v. Bruneau*, 144 Me. 142, 66 A.2d 86 (1949).

Thus, the presence of the encroaching septic system affects the Blackburns' fee simple interest in their property because its presence prevents them from exercising the full extent of their rights over Lot 2 and potentially renders their title unmarketable. To the extent the phrase "affecting the Title" is vague and expansive, any ambiguity is construed against the drafter and

4

in favor of coverage. Therefore, the Court cannot conclude the encroaching septic system does not "affect[] Title" within the meaning of the Policy.

Next, First American argues that because the Blackburns alleged that the encroachment could not have been disclosed by an accurate and complete survey of Lot 2, it does not constitute a "Covered Risk" under section 2(c) of the Policy. This argument, however, overlooks the fact that the Policy provides that "[t]his Covered Risk includes *but is not limited to*" the enumerated risks. Again, First American was free to limit the risks it covered through the express language of the Policy and chose not to do so. Accordingly, the Court cannot conclude the encroaching septic system is not a "Covered Risk" under the Policy.

## 2. The exceptions to coverage are potentially inapplicable under the facts alleged in the Complaint.

First American next argues that the encroaching septic system is excepted from coverage under the "survey exception" and "persons in possession exception" under Schdule B of the Policy.

With respect to the "survey exception," Plaintiffs argue they became aware of the encroaching septic system from their surveyor not as a result of his survey, but as a result of the surveyor's independent knowledge. (Pl.'s Opp. to Def.'s Mot. Dismiss, at 2-3.) This is a plausible inference that can be drawn from the Complaint and therefore renders the "survey exception" inapplicable.

With respect to the "persons in possession exception, Plaintiffs have not alleged any facts that compel the conclusion that they could have ascertained the existence of the encroachment from the prior possessors of Lot 2.

5

Therefore, First American has not sustained its burden of demonstrating that the allegations contained within the Complaint compel the conclusion that the encroaching septic system is excepted from coverage.

## III.    Conclusion & Order

In light of the foregoing, the entry shall be:

"Defendant First American Title Insurance Company's Motion to Dismiss is DENIED."

The Clerk is requested to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

SO ORDERED.

Dated: May 27, 2019

_____
John O'Neil, Jr.
Justice, Superior Court

Entered on the Docket on: 5/24
Copies sent to the following parties/counsel on: 5/24
Atty Shepard
Atty Sparks
Atty Devine

6