STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 02-330

DANIEL SANFORD,

Plaintiff

v.

ORDER

ONALD L. GARBRECHT
LAW LIBRARY

SEP 4 2003

TOWN OF SHAPLEIGH,

Defendant

Before this court is Defendant Town of Shapleigh's Motion for Summary Judgment pursuant to M. R. Civ. P. 56(c).

## FACTS

Plaintiff Daniel Sanford resides in York County. Defendant, the Town of Shapleigh ("Town"), maintains a waste transfer station located in the town of Shapleigh, York County. This waste transfer station consists of an upper level containing the trash compressor for household trash and a lower level where free standing trash bins are located for disposal of demolition and recyclable materials. The Defendant Town employs an attendant to oversee the operation at the lower level of the waste transfer station.

On August 3, 2003, Plaintiff Sanford went to the Shapleigh waste transfer station to dispose of some trash bags and plywood. Plaintiff Sanford initially dumped the trash bags into the compressor on the upper level and then proceeded to the lower level to dispose of the plywood. The attendant responsible for the lower level told Plaintiff

Sanford to place his items into the appropriate trash bins. Plaintiff Sanford proceeded to unload a piece of plywood from his truck and lean it up against one of the free standing trash bins located on the lower level. After completing this task, the attendant informed Plaintiff Sanford that it was necessary for him to place the plywood inside the trash bin. Plaintiff Sanford complied with this request and, without asking for assistance, lifted the piece of plywood into the trash bin. While lifting the plywood into the bin Plaintiff Sanford ripped his bicep muscle. Due to these events, on December 9, 2003, Plaintiff Sanford filed a compliant against the Defendant Town in York County Superior Court.

## DISCUSSION

When reviewing motions for summary judgment this court must take into account that:

> [a] summary judgment is warranted when the statement of material facts and pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, cited in the statement of material facts establish that there is no genuine issue of material fact and that a party is entitled to a judgment as a matter of law.

Darling's v. Ford Motor Co., 2003 ME 21, ¶ 4, 817 A.2d 877, 879 (citing M. R. Civ. P. 56(c), (h)). In making this determination, this court will view the facts in a light most favorable to Plaintiff Sanford, the non-moving party. Mahar v. Stonewood Transp., 2003 ME 63, ¶ 8, 823 A.2d 540, ___. The Law Court has noted that summary judgment is no longer an extreme remedy. Curtis v. Porter, 2001 ME 158, ¶ 7, 784 A.2d 18, 21. Despite this, "[w]hen facts or reasonable inferences are in dispute on a material point, summary judgment may not be entered." Id. ¶ 9.

The Maine Tort Claims Act (MTCA) provides immunity to governmental entities from all tort claims seeking damages "[e]xcept as otherwise expressly provided by statute." 14 M.R.S.A. § 8103(1) (2003). An exception to this standard is delineated in 14

2

M.R.S.A. § 8104-A(2) (2003), which provides that "[a] governmental entity is liable for its negligent acts or omissions in the construction, operation or maintenance of any public building or the appurtenances to any public building." Both parties agree that based on these delineated statutory principles the question presented is whether the lower level area where Plaintiff Sanford was injured qualified as an appurtenance to the waste transfer station.

In Adriance v. Town of Standish, 687 A.2d 238 (Me. 1996), the Law Court held that a transfer station operated by the Town of Standish was a public building for purposes of the MTCA because it was "permanent, fully enclosed and completely open to the public . . ." Id. at 240. Defendant Town attempts to distinguish Adriance from the facts in the present case by contending that the free standing trash bin in the lower level area was separate from and outside the actual waste transfer station. Therefore, the trash bin did not constitute a public building or an appurtenance to a public building.

This court finds that the statements of material facts create a genuine dispute as to whether the lower level area housing the freestanding trash bin was integral to the transfer station's basic purpose. For example, when a patron arrives at the facility, after disposing of their household trash at the upper level a sign directs the patron to the lower level to see the attendant and dispose of the rest of their trash. (PMSF ¶ 3.) Moreover, the scope of the trash bin's function is significantly connected to the waste transfer station's function of processing waste. Hence, this court finds that the function of the trash bin falls within the narrowly defined statutory concept of an appurtenance[1]

---

[1]

An 'appurtenance' has been defined as 'that which belongs to something else; an adjunct; an appendage; something annexed to another thing more worthy as principal, and which passes as incident to it, as a right of way or other easement to land; and outhouse, barn, garden, or orchard, to a house or messuage . . . . An

3

to a public building (the waste transfer station).

Defendant Town next argues that Plaintiff Sanford failed to allege that it was actually negligent in the operation of the waste transfer station. The Law Court has stated that "[t]he public building exception in section 8104-A(2) applies only to the State's acts in the care or operation of its buildings and property, not to the State's care or supervision of people in its charge." Lightfoot v. Sch. Admin. Dist. No. 35, 2003 ME 24, ¶ 8, 816 A.2d 63, 66 (internal quotes omitted) (distinguishing between the supervision of high school students and the actual maintenance of a high school building). Notwithstanding, when viewing the facts in a light most favorable to Plaintiff Sanford, this court finds that the primary focus of this cause of action is not on the Defendant Town's "failure to supervise" the attendant, but instead on its negligent construction, operation or maintenance of the waste transfer station. Hence, this court finds that a disputed issue of material fact within the purview of the jury exists as to whether the Defendant Town was negligent in its operation of the waste transfer station.

WHEREFORE, for reasons mentioned above, this court shall **DENY** Defendant Town of Shapleigh's Motion for Summary Judgment, pursuant to M. R. Civ. P. 56(c).

Dated: September _5_, 2003

G. Arthur Brennan
Justice, Superior Court

---

article adapted to the use of the property which it is connected, and which was intended to be permanent accession to the freehold.'
Fiandaca v. City of Bangor, CV-01-136 (Me. Super. Ct., Pen. Cty., June 5, 2002) (Hjelm, J.) (citing BLACK'S LAW DICTIONARY 133 (4th ed. Rev. 1968).

Guy D. Loranger, Esq. – PL
Mark V. Franco, Esq. – DEFS                    4