STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 02-069

ROGER R. GAGNON

and

SHELLEY J. GAGNON

Plaintiffs

DONALD L.
LAW

JAN 30 2004

v.

THE POOL STORE, INC.

Defendant
Third Party Plaintiff

ORDER

v.

JAMES BERNARD
D/B/A BERNARD DEVELOPMENT COMPANY

and

PHILLIP LABBE
D/B/A LABBE EXCAVATION

Third Party Defendants

Before this court is Third-Party Defendant, James Bernard d/b/a Bernard Development Company's Motion for Summary Judgment, pursuant to M.R. Civ. P. 56.

## FACTS

In September 2000, Plaintiffs, Roger and Shelley Gagnon entered into a contract with Third-Party Defendant, James Bernard's company, Eastwoods Development Corporation ("Eastwoods"), whereby Eastwoods agreed to build their home in Biddeford, Maine. This contract also required site and landscape work to be done by

Eastwoods. Third-Party Defendant Bernard alleges that this contract was modified, so that he and Defendant Eastwoods were not required to perform the landscape and patio work. Plaintiffs also hired the Defendant, The Pool Store, Inc. to build a pool. After the construction of the pool, the sides began to collapse and the floor began to rise causing extensive damage and rendering the pool unusable.

Consequently, on March 6, 2002, Plaintiffs filed a Complaint against the Pool Store, Inc. in the York County Superior Court. Additionally, on September 30, 2002, Defendant, The Pool Store filed a Third-Party Complaint against Third Party Defendant Bernard and Philip Labbe, the excavation subcontractor. In response, Third-Party Defendant Bernard filed this Motion for Summary Judgment on February 11, 2003.

## DISCUSSION

In a motion for summary judgment, the moving party asserts that no genuine issue of material fact exists and that judgment may be rendered as a matter of law. When reviewing a motion for summary judgment this court must take into account that:

> [a] summary judgment is warranted when the statement of material facts and pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, cited in the statement of material facts establish that there is no genuine issue of material fact and that a party is entitled to a judgment as a matter of law.

Darling's v. Ford Motor Co., 2003 ME 21, ¶ 4, 817 A.2d 877, 879 (citing M.R. Civ. P. 56(c) (h)). In spite of language quoted in older cases, the Law Court has more recently noted that summary judgment is no longer considered an extreme remedy. Curtis v. Porter, 2001 ME 158, ¶ 7, 784 A.2d 18, 21.

First, Third-Party Defendant Bernard asserts that he owes no duty as an individual to Plaintiffs and accordingly he is entitled to summary judgment. The Law Court has

2

held that "[a]s a matter of public policy, "corporations are separate legal entities with limited liability. As such, courts are generally reluctant to disregard the legal entity and will cautiously do so only when necessary to promote justice. Johnson v. Exclusive Properties Unlimited 1998 ME 244, ¶ 5, 720 A.2d 568. 571. Here, Third-Party Defendant Bernard is an individual. Eastwoods, a Maine Corporation, entered into the contract with Plaintiffs. There has been no showing of fraud or illegality on the part of Mr. Bernard. Therefore, Third-Party Defendant Bernard, as an individual, is entitled to summary judgment.

Next, Third-Party Defendant Bernard contends that if Defendant, The Pool Store is permitted to amend its Third-Party Complaint to state a claim against Eastwoods, that corporation is also entitled to summary judgment. Specifically, Third-Party Defendant Bernard argues that the patio was built after Eastwoods left the job site and that it was relived of any contractual obligation to landscape the back yard and build the Plaintiffs patio because the contract between the parties was modified. Third-Party Defendant Bernard asserts that because there are no contractual obligations, Eastwoods does not owe anyone a duty of care and summary judgment is appropriate.

There exists a dispute as to whether Plaintiffs and Eastwoods modified the contract. Defendant, The Pool Store argues that "[d]iscovery has not yielded information to confirm any modification of the contract between Gagnons and the general contractor, whether it be Eastwoods or James Bernard. The Pool Store understood that James Bernard was the general contractor throughout the completion of the project." (Defendant, The Pool Store's Opposing Material Facts at ¶ 5.) Specifically, Robert Desrochers states in his affidavit that Mr. Bernard and his sub-contractor, Mr. Labbe, were on site and actively engaged in landscaping and patio work while the pool was being built. The Pool Store's Opposing Material Facts at ¶'s 6, 7 & 8.

3

Conversely, Third-Party Defendant, James Bernard, states in his affidavit that "[t]oward the end of construction, the Gagnons and Eastwood modified the contract with respect to the work to be done behind the house." (Bernard Aff. at ¶ 5.) Although this fact could be true, this court finds that a genuine dispute exists as to when the contract was modified and what effect the modification had on Third Party Defendant Bernard's performance. See Prescott v. State Tax Assessor, 1998 ME 250, ¶ 5, 721 A.2d 169, 171-72 (citations and quotations omitted) ("[A] genuine issue of material fact is present when "'there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial.")

WHEREFORE, this court **DENIES** Third-Party Defendant Bernard's Motion for Summary Judgment, pursuant to M.R. Civ. P. 56.

Dated: January 2¾ 2004

G. Arthur Brennan
Justice, Superior Court

S. James Levis, Jr., Esq. — PLS
G. O. Fournier, Esq. — DEF — THE POOL STORE, INC.
T. R. McKeon, Esq. — THIRD-PARTY DEF. JAMES BERNARD d/b/a BERNARD DEVELOPMENT COMPANY
T. G. Mundhenk, Esq. — THIRD-PARTY DEF. PHILLIP LABBE d/b/a LABBE EXCAVATION

4