## GENERAL MOTORS CORPORATION
Plaintiff,

v.

### DARLING'S d/b/a Darling's Auto Mall, Defendant.

### No. CIV.01–151–B–S.

United States District Court, D. Maine.

Aug. 24, 2004.

Daniel L. Goldberg, Bingham McCutchen LLP, Boston, MA, Frederick J. Badger, Jr., Richardson, Whitman, Large & Badger, Bangor, MA, James C. McGrath, Bingham McCutchen LLP, Boston, MA, for General Motors Corp.

Judy Metcalf, Eaton Peabody, Brunswick, MA, for Darling's, dba Darling's Auto Mall.

## ORDER ON MOTION TO AMEND JUDGMENT

SINGAL, Chief Judge.

On July 13, 2004, this Court rendered judgment in favor of Plaintiff General Motors ("GM") on all counts of the complaint and counterclaim then remaining. The factual and legal bases for the decision were set forth in Findings of Fact and Conclusions of Law issued the same day. GM has now filed a motion to amend the judgment (Docket # 89), seeking a further declaration of the parties' respective rights and obligations. For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART. As requested by GM, the Court clarifies its previous ruling, but to the extent GM requests an additional declaration that it may reverse reimbursement to Darling's after the expiration of the statutory period for approval or disapproval of a warranty reimbursement claim, the Court cannot assent.

## BACKGROUND

The Court limns only the facts essential to the resolution of this motion: a more thorough description of the disputes between the parties can be found in this Court's Findings of Fact and Conclusions of Law. The parties to this action are GM, an automobile manufacturer, and its franchisee, Darling's, an automobile dealer. The contractual relationship between GM and Darling's obligates Darling's to perform warranty repairs on qualified vehicles at the owner's request. The warranty repairs are performed at no cost to the customer, and GM reimburses Darling's for the expenses incurred in performing such repairs. General Motors processes and pays warranty reimbursement claims electronically. A dealer's electronic claim includes data about the repairs performed and the vehicle repaired. GM's computer system reviews the information provided by the dealer, and if the vehicle and repair data matches the computer's parameters for payment, funds are electronically transferred to the dealer. Although the process is somewhat more complicated when the dealer requests supplemental reimbursement pursuant to Maine statute (this is discussed in great detail in the Findings of Fact and Conclusions of Law), the main point for purposes of the present motion is that the manufacturer performs a cursory review of the dealer's request for reimbursement, then pays the claim.

The contract that governs the parties' relationship provides GM with certain rights to review warranty claims submitted by the dealer after they are paid, and to charge back amounts that were improperly paid. Maine statute, on the other hand, currently provides that:

Any claim made by a franchisee for compensation for parts provided or for reimbursement for labor performed in satisfaction of a warranty must be paid within 60 days of its approval. All the claims must be either approved or disapproved within 60 days of their receipt. A claim may be submitted within 90 days after the performance of services.

10 M.R.S.A. § 1176 (2004).[1] In its Findings of Fact and Conclusions of Law, this Court concluded that GM was entitled to exercise its contractual rights to audit and chargeback during the statutory period for approval or disapproval of a warranty reimbursement claim, but expressed no opinion as to whether GM could exercise those rights outside the sixty-day statutory period. In its motion to amend the judgment, GM seeks a decision on this question. Darling's opposes the motion.

## DISCUSSION

In the Findings of Fact and Conclusions of Law, the Court declined to address the question of whether GM may charge back amounts previously paid after the expiration of the statutory period for approval or disapproval of warranty reimbursement claims. However, GM correctly points out in its motion to amend that its declaratory judgment complaint requested a full declaration that "section 1176 of the Maine Dealer Act does not prohibit GM from exercising its contractual right to audit paid warranty claims and charge back improperly paid amounts," and that there is in fact a present controversy between the parties as to whether GM may exercise its contractual rights outside of the statutory period. To the extent GM seeks additional clarification of its rights, GM's motion to amend the judgment is GRANTED. As for the substantive issues presented in Count III of the Complaint, the Court concludes, for the reasons set forth below, that section 1176 does not permit GM to charge back amounts previously paid after the expiration of the statutory period. Thus, to the extent GM seeks a declaration to the contrary, the motion is DENIED.

As a preliminary factual matter, the trial testimony and exhibits make clear that charge-backs after the expiration of the statutory period in fact operate as disapprovals of the claim, since the dealer is deprived of some or all of the amount that it was previously awarded as reimbursement for performing warranty repairs.

In evaluating the meaning of a statute, the Court must "first examine [its] plain meaning, and only look beyond that language to the legislative history to determine the intent of the Legislature if [the Court finds] the statute ambiguous." *Darling's v. Ford Motor Co.*, 825 A.2d 344, 346 (Me.2003) (*"Darling's Ford III"*). The statute clearly states that "claims must be either approved or disapproved within 60 days of their receipt." 10 M.R.S.A. § 1176. The plain language of the statute makes no provision for future disapprovals after an audit. This Court must "avoid statutory constructions that create absurd, illogical or inconsistent results." *Darling's Ford III*, 825 A.2d at 346. It would render the statutory language virtually meaningless to allow automobile manufacturers to tentatively approve and pay claims within the period set forth in the statute, only to disapprove the claim after further review once the statutory period for approval or disapproval had expired.

GM argues in its post-trial submissions that an obligation to definitively approve or disapprove a dealer's claim during the statutory period would render the warranty reimbursement system "unworkable," and would require "wholesale changes to the administration of warranty claims in the State of Maine ... ultimately at the expense of the consumer." GM relies on footnote thirteen of Judge Hornby's opinion in *Darling's v. Ford Motor Co.*, No. 95–398–B–H (D.Me. Apr. 1, 1998) (*"Dar-*

---

1. Before it was amended in 2003, this portion of the statute required the manufacturer to approve or disapprove a claim within thirty days, and to pay the claim within thirty days of its approval. There was no provision as to the timeframe in which a franchisee might submit claims for reimbursement.

*ling's Ford I* "), which described the difficulties presented by section 1176 as then enacted. However, significant changes to the statute have occurred since *Darling's Ford I* was issued: section 1176 now specifically allows for the use of an average percentage markup to calculate a dealer's "retail rate customarily charged for parts," and the period for approval or disapproval of claims has been doubled, from thirty days to sixty days.

The fact that GM will have to make changes to its administration of warranty claims in order to comply with the statute does not indicate that the statute does not mean what it says. Moreover, the changes required are not as drastic as GM would lead one to believe, particularly in light of this Court's ruling that GM may make charge-backs during the statutory period for approval or disapproval. GM also has other contractual rights which it can attempt to exercise to manage recalcitrant dealers.

GM contends that charge-backs after the expiration of the statutory period for approval or disapproval are "reasonable verification requirements" authorized by the Maine Supreme Judicial Court in *Darling's v. Ford Motor Co.*, 719 A.2d 111, 117 (Me.1998) ("*Darling's Ford II* "). However, the "reasonable verification requirements" described in *Darling's Ford II* referred to the types of information that the manufacturer may require the dealer to provide before paying a warranty reimbursement claim, not to the manufacturer's verification procedures. Having observed the trial testimony and reviewed the trial exhibits, the Court is confident that GM will be able to effectively implement reasonable verification procedures within the confines of the sixty-day requirements. GM is, of course, permitted to review the information it has received from dealers as often as it likes, and section 1176 does not prohibit GM from conducting audits (with-

out corresponding charge-backs) outside of the statutory period for approval or disapproval of warranty reimbursement claims.

## CONCLUSION

GM's motion to amend the judgment (Docket # 89) is GRANTED IN PART and DENIED IN PART. To the extent that GM requests additional clarification of its rights under section 1176, the motion is GRANTED. However, to the extent that GM seeks a declaration that it may debit Darling's for warranty reimbursement claims after the expiration of the statutory period for approval or disapproval of such claims, the motion is DENIED.

SO ORDERED.