STATE OF MAINE                                SUPERIOR COURT
PENOBSCOT, SS.                                CIVIL ACTION
                                              Docket No. CV-06-9


Carol Topliff,
        Plaintiff


        v.                                    Order (Motion for Summary Judgment)

                          DONALD L. GARBRECHT
Michael El-Hajj,                LAW LIBRARY
        Defendant            DEC 0 8 2006

DONALD L. GARBRECHT
LAW LIBRARY
DEC 0 8 2006

Pending before the court is the defendant's motion for summary judgment and his motion to strike the plaintiff's response to his reply memorandum in support of the summary judgment motion. There is no applicable provision or basis for the motion opponent to file a surreply brief. The court therefore strikes that response and does not consider any arguments advanced in it. The court has considered the remaining submissions filed by the parties.

A party is entitled to summary judgment when the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. M.R.Civ.P. 56(c); *see also Darlings v. Ford Motor Co.*, 2003 ME 21, ¶ 14, 817 A.2d 877, 879. The motion court views the evidence in the light most favorable to the non-moving party. *Benton Falls Associates v. Central Maine Power Company*, 2003 ME 99, ¶ 10, 828 A.2d 759, 762. In summary judgment practice, "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations . . . , shall be deemed admitted unless properly controverted." M.R. Civ. P. 56(h)(4); *see also Mastriano v. Blyer*, 2001 ME 134, ¶ 7 n.2, 779 A.2d 951, 953. In their presentations, the parties have referred to factual propositions that are not included within the scope of their statements of material fact. The court does not consider any material that is not specifically referenced in the parties' separate statements of material facts. M.R. Civ. P. 56(h)(4); *see also Gilbert v. Gilbert*, 2002 ME 67, ¶ 15, 796 A.2d 57, 60-61; *Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 5, 721 A.2d 169, 172.


I

When limited in this way, the record on summary judgment establishes that in September 1993, the defendant, his then-wife, the plaintiff and the plaintiff's husband executed a promissory note, presumably in favor of the plaintiff, in some amount that is not quantified in the record. Subsequently, the defendant "sought" additional loan money,[1] and there were "additional disbursements" that the defendant did not authorize or support.[2] The note provided that any such advances needed to be authorized or supported by the parties. When the defendant was divorced from his wife, the judgment obligated him to pay 60% of the debt owed to the plaintiff.

In support of his motion for summary judgment, the defendant argues that any action under the note is barred by the statute of limitations. Such a contention is an affirmative defense on which the proponent (here, the defendant) bears the burden of proof. Depending on the nature of the instrument, the statute of limitations on a claim for breach of contract is either six or twenty years. See 14 M.R.S.A. §§ 751, 752. Here, the record on summary judgment is too limited to allow a determination, as a matter of law, which of these periods of limitation controls the action at bar. Because the defendant bears the burden of proof on this issue, this aspect of his motion must be denied.

He also contends that as a matter of law, he is entitled to judgment on any claim that exceeds the original amount of the loan he received under the terms of the note. For the reasons noted above, the record on summary judgment establishes that he did not authorize or support the receipt of any loan money in excess of the amount received under the initial terms of the note. Therefore, as a matter of law, he is not liable for any amount in excess of that original amount. Although the record on summary judgment

---

[1] This assertion is included in the plaintiff's statement of additional material facts. The defendant denies that he himself sought such additional funds, leaving open the possibility that his then-wife did so. Nonetheless, even if he sought such funds, the plaintiff's statement of material facts does not assert that he *received* such funds from the plaintiff. And in any event, for the reasons set out in the text and in note 2 *infra*, the record establishes that the defendant did not authorize or support receipt of any such additional money.

[2] In her opposing statement of material fact, the plaintiff denied the defendant's assertion that he did not support or authorize any post-execution disbursements. The plaintiff did not support that denial with any record references. Consequently, she is deemed to have admitted the defendant's assertion. See M.R.Civ.P. 56(h)(2).

does not reveal that particular amount, partial summary judgment will be issued with an unquantified reference to the amount that was loaned to him under the terms of the original loan instrument.

The entry shall be:

For the foregoing reasons, the plaintiff's response to the defendant's reply memorandum is stricken.

The defendant's motion for summary judgment is granted in part and denied in part. Partial summary judgment is granted to the defendant, and he shall not be held liable for the amount of any loan payment in excess of the amount set out in the written loan agreement at the time the writing was executed. Beyond this, the defendant's motion for summary judgment is denied.

Dated: November 6, 2006

_____
Justice, Maine Superior Court

CAROL TOPLIFF VS MICHAEL EL HAJJ
UTN:AOCSsr  -2006-0004214                        CASE #:BANSC-CV-2006-00009
----------------------------------------------------------------------------
CAROL TOPLIFF                                          PL
ATTY ERICKSON, MATTHEW  Tel# (207) 941-2395
ATTY ADDR:28 MAIN STREET BANGOR ME 04401
ATTY LUNGSTRUM, RICHARD W.   Tel# (207) 992-6154
ATTY ADDR:PO BOX 744 BANGOR ME 04402
ATTY LYNCH, MARIANNE  Tel# (207) 941-2395
ATTY ADDR:28 MAIN STREET BANGOR ME 04401

MICHAEL EL HAJJ                                       DEF
ATTY BAIUNGO, JOSEPH W.   Tel# (207) 338-6841
ATTY ADDR:111A CHURCH ST BELFAST ME 04915

M=More, Space = Exit:M

Select the EXIT KEY for page selection line.