STATE OF MAINE  
PENOBSCOT, SS.

SUPERIOR COURT  
CIVIL ACTION  
Docket No. CV-06-53

FILED & ENTERED  
SUPERIOR COURT  
JUN 0 5 2007  
PENOBSCOT COUNTY

Whynot Stop, Inc.,  
    Plaintiff

v.

Order (Motion for Summary Judgment)

DONALD

Success Systems, Inc.,  
    Defendant

SEP 0 7 2007

Pending before the court is the defendant's motion for summary judgment. The court has considered the parties' submissions on the motion.

In its complaint, the plaintiff seeks recovery of $6,000 it paid to the defendant as a down payment toward the installation of a computer system. As framed by the parties, the central issue in this case is whether the parties entered into a contract: the plaintiff contends that the parties did not reach an agreement, and the defendant argues that they did and thereby created a contract. If the parties created a contract, then one of the consequences urged by the defendant – and not opposed by the plaintiff – is that, under the terms of that contract, this action can be pursued only in federal court or in the Connecticut state courts.

A party is entitled to summary judgment when the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. M.R.Civ.P. 56(c); *see also Darlings v. Ford Motor Co.*, 2003 ME 21, ¶ 14, 817 A.2d 877, 879. The motion court views the evidence in the light most favorable to the non-moving party. *Benton Falls Associates v. Central Maine Power Company*, 2003 ME 99, ¶ 10, 828 A.2d 759, 762. In defining the record on a motion for summary judgment, the court does not search or consider any part of the record not specifically referenced in the parties' separate statements of material facts. M.R. Civ. P. 56(h)(4); *see also Gilbert v. Gilbert*, 2002 ME 67, ¶ 15, 796 A.2d 57, 60-61; *Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 5, 721 A.2d 169, 172.

1

The record establishes that the plaintiff owns and operates a convenience store in Lincoln. On July 21, 2005, Alan Grant, an agent for the plaintiff, signed a purchase agreement to acquire an inventory control software package from the defendant. The defendant itself did not execute the contract. The plaintiff paid the defendant $3,000 on that date and another $3,000 in September 2005. Subsequent to July 21, the parties continued to negotiate the terms of the prospective agreement. According to the record, there were two outstanding issues: first, the date of installation; and, second, the cost of several items beyond the basic software package, including the price of an upgrade and incidental expenses such as travel, meals and other items. *See* deposition transcript of Alan Grant at pp. 36, 48-49 (referenced in plaintiff's statement of additional material fact at ¶ 5, and defendant's reply statement of material fact at ¶ 5). By October 18, 2005, the parties had reached an agreement on all issues except for the cost of a software upgrade. *See id.* at p. 38 (referenced in defendant's reply statement of material fact at ¶ 5b).[1] That remaining issue was resolved by agreement when, by letter dated October 26, 2005, Grant accepted the defendant's proposal establishing the cost of the upgrade. *See id.* at p. 41-42 (referenced in defendant's reply statement of material fact at ¶ 5e).

This examination of the record establishes that, either in written or verbal form, the parties reached an agreement on all terms and thus entered into a contract. Although argued by the plaintiff, the record on summary judgment does not reveal any arguable basis for relief based on mistake of fact.

The contract provides that any legal action arising out of the contract may be pursued only in "the Federal or state courts of Connecticut, Stamford Superior court [sic]

---

[1] In his deposition, Grant also testified that the parties *never* reached an agreement on other ancillary expenses, such as "travel expenses or meals or incidentals or fill in the blank." *See* deposition transcript of Alan Grant at pp. 48-49. In the same transcript, however, Grant testified that the parties in fact *had* reached an agreement. *See id.* at p. 38. In this circumstance, a party may not create a genuine issue of material fact through internal contradiction. *See Zip Lube, Inc. v. Coastal Savings Bank*, 1998 ME 81, ¶ 10, 709 A.2d 733, 735. Thus, except for the question of the cost for the upgrade, the plaintiff cannot now be heard to say that the parties had not reached an agreement on the other terms of the contract.

2

. . . ." Irrespective of whether the federal court venue is limited to Stamford, the contract plainly excludes the Maine state courts as a forum to resolve disputes involving this contract. Thus, judgment must be entered for the defendant.

The court is also satisfied that under the terms of the contract, the defendant, as the prevailing party in this action, is entitled to recover reasonable attorney's fees and costs. The plaintiff argues that because the merits of its claim would not be reached if the case were adjudicated on the basis of the parties' forum choice, the fact remains that the defendant is "the successful or prevailing party" in this action, because, over the plaintiff's contention, it has successfully argued that the plaintiff is not entitled to relief here.

Counsel for the defendant may submit an affidavit of attorney's fees and costs within 10 days of the date of this order. The plaintiff may file a response within 7 days of the defendant's filing, and the defendant may file a reply within 5 days of the plaintiff's filing. This judgment shall not be deemed final until the defendant's claim for attorney's fees is adjudicated.

The entry shall be:

For the foregoing reasons, the defendant's motion for summary judgment is granted. The record establishes that the parties entered into a contract and that under that contract, the plaintiff's claim cannot be pursued in Maine state courts. On the complaint, judgment is therefore entered for the defendant. This judgment is without prejudice to the plaintiff's right to file a claim for relief as allowed by the contract. The counterclaim is dismissed without prejudice. This judgment shall become final when the defendant's claim for attorney's fees is adjudicated.

Dated: June 5, 2007

_____
Justice, Maine Superior Court
Jeffrey L. Hjelm

WHYNOT STOP INC VS SUCCESS SYSTEMS INC
UTN:AOCSsr  -2006-0027084                    CASE #:BANSC-CV-2006-00053
----------------------------------------------------------------------
SEL VD                                REPRESENTATION TYPE      DATE
01 0000003670 ATTORNEY:FAIRCLOTH, AMY
ADDR:43 COLUMBIA STREET BANGOR ME 04401
     F FOR:SUCCESS SYSTEMS INC               DEF       RTND  07/31/2006


02 0000008567 ATTORNEY:PICKERING, JOSEPH MATTHEW
ADDR:293 STATE STREET BANGOR ME 04401
     F FOR:WHYNOT STOP INC                   PL        RTND  03/14/2006


          Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:

Select the EXIT KEY for page selection line.