STATE OF MAINE
WALDO, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-10-27

Leonard S. Knowlton et al.,
    Plaintiffs

v.

Order (Motion for Summary Judgment;
Motion to Enlarge)

Robert L. Anderson et al.,
    Defendants

Pending before the court is the plaintiffs' motion for summary judgment and an unopposed motion to enlarge certain pretrial deadlines.

The summary judgment motion is directed to count 1 of the complaint, which alleges that the defendants breached the terms of a promissory note. The defendants have opposed the motion. The court has considered the record on summary judgment and the parties' arguments.

A party is entitled to summary judgment when the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. M.R.Civ.P. 56(c); *see also Darlings v. Ford Motor Co.*, 2003 ME 21, ¶ 4, 825 A.2d 344, 345. The motion court views the evidence in the light most favorable to the non-moving party. *Benton Falls Associates v. Central Maine Power Company*, 2003 ME 99, ¶ 10, 828 A.2d 759, 762. An issue is considered genuine "if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial." *Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 5, 721 A.2d 169, 171-72 (inner citation omitted). A fact is considered to be material if it could potentially affect the outcome of the case. *Id.* ¶ 5, 721 A.2d at 172.

The record on summary judgment establishes the following facts. In May 2008, defendants Robert L. Anderson and Joanne M. Anderson (collectively, Anderson) purchased improved real property from plaintiffs Leonard S. Knowlton, Leonard W. Knowlton and Sandra L. Knowlton (collectively, Knowlton). A store is located on the

1

property. Anderson obtained some of the money needed to purchase the property by borrowing $250,000 from Knowlton, as evidenced in a promissory note executed by Anderson and delivered to Knowlton. The note required Anderson to make monthly payments of $2,091.10, and the entire balance of principal and interest was to be paid in May 2013. To secure performance under the note, Knowlton also took a mortgage deed on the conveyed premises. The building on the property was destroyed by a fire that occurred on November 22, 2009.

Under the terms of the note, Anderson would be in default on the note if he missed a monthly payment required by the note by more than 30 days of that payment's due date. Upon default, the entire outstanding principal and any unpaid interest would become due without notice to Anderson, if Knowlton elected not to issue such notice. Anderson's last payment on the note was made on December 12, 2009. Although Knowlton was not obligated to issue a notice of default and acceleration, such a notice in fact was sent to Anderson in late March 2010. As of August 2010 (the month before Knowlton filed the motion at bar), Anderson had not made any payments on the note since December 2009. The balance due under the note was $255,561.92, representing the principal balance and unpaid interest as of September 1, 2010.

The mortgage executed to secure payment on the note required Anderson to maintain at least $250,000 in insurance coverage for loss due to property damage. Knowlton was required to be designated as the loss payee for this insurance. The insurance was to be "in such form as" and obtained from "such insurance offices as" Knowlton approved. Although disputed, the record contains evidence that Knowlton directed Anderson to procure that insurance coverage through DownEast Insurance Agency. Anderson in fact purchased an insurance policy there to provide coverage for loss to the structure on the property. DownEast listed the first mortgagee, Border Trust Company, as a mortgagee and loss payee on the policy. However, the broker did not list Knowlton as a mortgagee or loss payee even though Anderson advised a DownEast agent that Knowlton was a mortgagee and that he should be included as a loss payee on the policy. The record contains no evidence, however, that Knowlton approved of the policy as written or that he even knew that he was not listed as a loss payee. (In fact, Knowlton's

2

reply statement of material fact asserts affirmatively that he did not approve the policy and never was provided with proof of that policy.)

Consequently, after the fire loss, the insurer paid Border Trust the amount owing on the first mortgage. However, because Knowlton was not listed as a loss payee on the policy, the insurer did not pay any insurance proceeds to Knowlton. Anderson has filed a third-party complaint against DownEast and has assigned to Knowlton that part of his claim against DownEast for the amount due upon default under the promissory note.

Knowlton has filed a complaint in two counts. First, he seeks recovery for default under the terms of the note. Second, he seeks recovery for Anderson's failure to obtain insurance coverage to protect against loss arising from fire to the premises. Here, Knowlton seeks summary judgment on count 1 only.

This record establishes that Anderson executed the promissory note and has defaulted on the note by failing to make payments as required to prevent such a default. Anderson does not dispute or controvert those facts that are basic to a claim under a promissory note. Rather, Anderson opposes entry of summary judgment based on a contention that Knowlton required Anderson to obtain insurance from DownEast, that DownEast failed to identify Knowlton as a loss payee on the policy, and that if DownEast had included Knowlton as a loss payee, Knowlton would have received proceeds from the policy sufficient to extinguish the debt and avoid the default (or at least subsequently satisfy the obligation arising from the default). The record does not include any evidence generating a claim that Knowlton himself committed any wrongdoing in matters connected to the execution of the note or his efforts to enforce it. Rather, Anderson's essential argument is that under the terms of the mortgage deed (not the promissory note), Anderson was obligated to obtain an insurance policy from an agency of Knowlton's choice and that the agency negligently omitted Knowlton as a loss payee, presumably contributing to the default to the extent that the insurance moneys were not available to satisfy the debt. In other words, Anderson seeks to charge Knowlton with the fault that he claims characterizes DownEast's conduct, and he argues from there that this vicarious fault constitutes a defense to Knowlton's claim under the note.

The provisions of the note themselves do not exonerate Anderson from liability on that instrument based on the factual circumstances at bar. Further, Anderson has not

3

noted any authority suggesting that under principles of law or equity,[1] Knowlton is barred from seeking recovery on the note. Rather, the undisputed facts of this case establish as a matter of law that Anderson defaulted on the note and that Knowlton is entitled to judgment for that breach.

The entry shall be:

For the foregoing reasons, summary judgment is entered for the plaintiffs on count 1 of the complaint. Judgment is entered in the principal amount of $241,433.12; interest as of September 1, 2010, in the amount of $14,128.80, plus interest from that date at the rate of $52.92 per day; a late fee of $836.40, plus a monthly late fee of $104.55 calculated beginning in October 2010; and reasonable attorney's fees.

Because of the pendency of other claims in this case, summary judgment on count 1 is not a final judgment. *See* M.R.Civ.P. 54(b).

The motion to enlarge is granted. The deadline for ADR on all remaining claims is enlarged to July 1, 2011. The ADR report shall be filed within 10 days of the date of ADR. The deadline to demand trial by jury is enlarged to July 29, 2011.

Dated: May 20, 2011

_____
Justice, Maine Superior Court

---

[1] Anderson's argument has an equitable ring to it, because it is based on problems allegedly caused by the insurance broker from whom, Anderson claims, Knowlton directed him to buy the policy. As is noted above, however, the record does not generate a factual contention that Knowlton did anything wrong. Although Anderson argues that Knowlton should have noticed that the policy omitted him (Anderson) as a loss payee and that he therefore bears some responsibility for the problem, the record does not support this assignment of fault. Rather, to the extent suggested in the present record, if there is fault, it does not lie with Knowlton. Consequently, even if there is authority to support Anderson's argument that these circumstances constitute a defense to Knowlton's claim on the note, this record could not support such a claim of estoppel or some other equitable impediment that would prevent Knowlton from seeking relief from Anderson.

4