STATE OF MAINE

AROOSTOOK, ss

SUPERIOR COURT
CIVIL ACTION
CARSC-CV-19-95

JOHN and VANESSA CONNOLLY,      )
o/b/o RILEY CONNOLLY            )
      Plaintiffs                )
                                )
vs.                             )
                                )
                                )
                                )
MARK EHLERMANN  and             )
SCHOOL UNION 122                )
      Defendants                )

ORDER ON
DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT

Before the Court is Defendants Mark Ehlerman's and School Union 122's Motion for Summary

Judgment pursuant to Me. R. Civ. P. 56. On May 16, 2017 Plaintiff Riley Connolly (Riley) was

injured while participating in a school sponsored baseball practice. The injury occurred when

during practice Defendant Mark Ehlermann (Ehlermann) through a baseball towards Riley, but

Riley failed to successfully catch it, resulting in the ball hitting Riley above his eye. On May 8,

2019 Riley's parents filed suit against Defendant School Union 122 (School Union 122) alleging

negligence. In their motion Ehlermann and School Union 122 assert they are immune from

liability under the Maine Tort Claims Act. (MTCA)  For the following reasons, Defendant's

motion is granted.

FACTS

In 2017 Riley was a member of Woodland Consolidated School's (hereafter 'Woodland school',

or 'the school') baseball team, part of School Union 122. (DSMF ¶ 1,2,3,4) 2017 was Riley's

fourth season playing baseball and Ehlermann was his volunteer coach. (DSMF ¶ 5,6,9.) Riley

1

played first base. (DSMF ¶ 7.) On May 16, 2017 Ehlermann was conducting and supervising practice, and as part of practice decided to run a situational drill. (DSMF ¶ 10,11.) The drill involved the catcher throwing the ball to first base, the position played by Riley. (DSMF ¶ 12,13,14.) Ehlermann had conducted this drill on multiple prior occasions and often participated in the drills by playing one of the positions, including catcher. (DSMF ¶ 15, 19,20.) The drill was an important part of the athlete's training. (DSMF ¶ 17.) Ehlermann used his personal judgment and expertise when deciding to run the drill and play catcher as a teaching and coaching method. (DSMF ¶ 37,38.) And Ehlermann used his personal judgment and expertise when determining how hard to throw the ball as part of the drill. (DSMF ¶ 39).

During the May16, 2017 drill, Ehlermann stepped in to play catcher to demonstrate correct positioning. (DSMF ¶ 18.) In doing the drill, Ehlerman threw the baseball to first base being played by Riley. (DSMF ¶ 21,23.) Riley did not catch the ball, and it tipped off his glove and struck him above his eye. (DSMF ¶24,25.) This injury occurred during organized practice time, which Ehlerman was conducting to serve the school, and at a designated practice field. (DSMF ¶ 43,44.) Ehlermann intended to throw the ball to Riley during the drill, and intended for Riley to catch it, but did not intend to strike him with the ball. (DSMF ¶ 41,42, 46,47; POSMF ¶47.)

The Woodland School has many school sponsored athletic programs, including baseball, and a majority are coached by members of the community who volunteer. (DSMF ¶29,31.) Coaching is central to the school's responsibility of furthering scholastic activities. (DSMF ¶ 30.) Ehlermann was approved and authorized by the Woodland school to be the baseball coach, which included coaching practices and games. (DSMF ¶ 32,33,34.) And Ehlermann performed

2

these job responsibilities at the direction of Woodland school and for the purpose of serving the school in furtherance of its baseball program. (DSMF ¶35.) Ehlermann's job responsibilities also included deciding what coaching methods to use, what practice drills to run, and how to run them. (DSMF ¶ 40.)

At the time of Plaintiff's injury, Defendants' only insurance coverage was through the Maine School Management Association Property and Casualty Trust Fund. (DSMF ¶26.) The liability coverage provided through the Trust includes a disclaimer that coverage is limited to areas where School Union 122 is not immune from liability under the MTCA, and no coverage applies to any claim for which there would be immunity under the MTCA in the absence of coverage. (DSMF ¶27,28.)

## DISCUSSION

A party is entitled to summary judgment when the record shows that there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Darlings v. Ford Motor Co.*, 2003 ME 21, ¶ 14, 817 A.2d 877, 879. To survive a motion for a summary judgment, the opposing party must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law. *Rodrigue v. Rodrigue*, 1997 ME 99, ¶ 8, 694 A.2d 924, 926. "'A fact is material when it has the potential to affect the outcome of the suit.'" *Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 5, 721 A.2d 169, 172. An issue is genuine if sufficient evidence supporting the claimed factual dispute exists to require a

3

choice between the parties' differing versions of the truth at trial. *Kenny v. Dep't of Human Services*, 1999 ME 158, ¶ 3, 740 A.2d 560, 562.

Essentially the Court determines whether there is a genuine issue of material fact by comparing the parties' statement of material facts and corresponding record references. *Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, ¶ 8, 742 A.2d 933, 938. The court will view the evidence in a light most favorable to the non-moving party. *See Steeves v. Bernstein, Shur, Sawyer & Nelson, P.A.*, 1998 ME 210, ¶11, 718 A.2d 186.

In this case the issue is whether the Riley can maintain a separate and distinct cause of action under the Maine Tort Claims Act ("MTCA") such that his negligence action survives summary judgment review. Immunity of the school and Ehlermann will be discussed separately.

A. School Union 122/ Woodland School

As a general premise, the MTCA immunizes "all governmental entities . . .from suit on any and all tort claims seeking recovery of damages" and provides the general framework for governmental liability in Maine. 14 M.R.S. § 8103. The MTCA provides four limited exceptions to this immunity, which include (1) negligent ownership, maintenance or use of vehicles, machinery or equipment; (2) negligent construction, operation or maintenance of public buildings; (3) negligent discharge of pollutants; and (4) negligent road construction or repair. 14 M.R.S. § 8104-A(1)–(4). This case clearly does not involve pollutants or roads, and there is no implication of the building exemption. So, the court will only discuss the exception that could remotely be implicated-ownership or maintenance of equipment, i.e. a baseball.

4

*1. No exceptions to immunity apply.*

The applicable provision of §8104-A(1) states, to wit:

Except as specified in section 8104-B, a governmental entity is liable for property damage, bodily injury or death in the following instances.

1. Ownership; maintenance or use of vehicles, machinery and equipment. A governmental entity is liable for its negligent acts or omissions in its ownership, maintenance or use of any:

A. Motor vehicle, as defined in Title 29-A, section 101, subsection 42;

B. Special mobile equipment, as defined in Title 29-A, section 101, subsection 70;

C. Trailers, as defined in Title 29-A, section 101, subsection 86;

D. Aircraft, as defined in Title 6, section 3, subsection 5;

E. Watercraft, as defined in Title 12, section 1872, subsection 14;

F. Snowmobiles, as defined in Title 12, section 13001, subsection 25; and

G. Other machinery or equipment, whether mobile or stationary.

The provisions of this section do not apply to the sales of motor vehicles and equipment at auction by a governmental entity.

Plaintiff's injury resulted when he was struck by a baseball thrown by his coach. Whether immunity is lost pursuant to 14 M.R.S. § 8104-A(1) "..begins with the premise that immunity is the rule and exceptions to immunity are to be strictly construed." *New Orleans Tanker Corp. v. DOT,* 1999 ME 67, ¶5. Of the exceptions listed by § 8104A(1), only subsection G.

*Other machinery or equipment, whether mobile or stationary* could be under consideration. But the Law Court has made clear "In order for there to be liability for the negligent use or operation of the "other machinery or equipment," we require that the risk from the negligent use of the "other machinery or equipment" be comparable to the risk that results from the negligent use of the vehicles listed in section 8104-A (1)(A) through (F), that is motor vehicles, special mobile equipment, trailers, aircraft, watercraft, and snowmobiles." *Id.* at ¶6. The items listed in section 8104-A(1)(A) through (F) are items capable of transportation, and are fairly ordinary transportation devices, which people have a fair degree of familiarity. *Id.* at ¶ 8. With such items of transportation, accidents are common and insurance is readily available. *Id.*

Applying the factors of consideration set forth in *New Orleans Tanker Corp. v. DOT*, it clearly cannot be said that throwing a baseball is a fairly ordinary transportation device, which people have a fair degree of familiarity and for which insurance is readily available. And, as the Law Court stated in *New Orleans Tanker Corp. v. DOT*, "The Legislature did not intend the general phrase "other machinery or equipment" …to include all other possible machinery and equipment that is negligently owned or operated by a government unit and could therefore cause some form of personal injury or property damage." *Id.* at ¶ 10.

Another case is *Reid v. Town of Mt. Vernon*, 2007 ME 125 in which the claimant was killed as a result of falling into a trash dumpster. The dumpster involved was used to deposit waste and debris, which upon being filled was transported from the site and returned empty. The Law Court found that the "other machinery or equipment" exclusion did not apply, following

6

its analysis from *New Orleans Tanker Corp, v. DOT,* and also stated "..dumpsters do not have the power to move on their own, and certainly would not be considered "ordinary transportation devices." In addition, accidents with dumpsters are not nearly as common as accidents with vehicles, and dumpsters are unlikely to be insured." *Reid* at ¶25. Baseballs are not an ordinary transportation device and are highly unlikely to be insured. Plaintiff's injury does not fall within the exception to immunity provided by § 8104-A(1) (G), ownership, maintenance or use of other machinery or equipment.

In conclusion, none of the exceptions to immunity apply.

### 2. The school has not waived immunity.

In his objection to the Motion for Summary Judgment, Riley does not contest that the school has waived immunity. The school's only insurance coverage was through the Maine School Management Association Property and Casualty Trust Fund. The liability coverage provided through the Trust's includes a disclaimer that coverage is limited to areas where the school is not immune from liability under the MTCA and no coverage applies to any claim for which there would be immunity under the MTCA in the absence of coverage. See *City of old Town v. Dimoulas,* 2002 ME 133. There being no waiver, School Union 122 remains immune.

### B. Mark Ehlermann

The immunity from civil liability afforded governmental employees is distinct from governmental immunity. Governmental employees remain liable for their tortious conduct unless

7

immunity is specifically granted. *Carroll v. City of Portland,* 1999 ME 131, ¶6; 736 A.2d 279.

Immunity afforded to governmental employees is as set forth in 14 M.R.S. §8111, to wit:

**1. Immunity.** Notwithstanding any liability that may have existed at common law, employees of governmental entities shall be absolutely immune from personal civil liability for the following:

**A.** Undertaking or failing to undertake any legislative or quasi-legislative act, including, but not limited to, the adoption or failure to adopt any statute, charter, ordinance, order, rule, policy, resolution or resolve;

**B.** Undertaking or failing to undertake any judicial or quasi-judicial act, including, but not limited to, the granting, granting with conditions, refusal to grant or revocation of any license, permit, order or other administrative approval or denial;

**C.** Performing or failing to perform any discretionary function or duty, whether or not the discretion is abused; and whether or not any statute, charter, ordinance, order, resolution, rule or resolve under which the discretionary function or duty is performed is valid;

**D.** Performing or failing to perform any prosecutorial function involving civil, criminal or administrative enforcement;

**E.** Any intentional act or omission within the course and scope of employment; provided that such immunity does not exist in any case in which an employee's actions are found to have been in bad faith; or

**F.** Any act by a member of the Maine National Guard within the course and scope of employment; except that immunity does not exist when an employee's actions are in bad faith or in violation of military orders while the employee is performing active state service pursuant to Title 37-B.

The absolute immunity provided by paragraph C shall be applicable whenever a discretionary act is reasonably encompassed by the duties of the governmental employee in question, regardless of whether the exercise of discretion is specifically authorized by statute, charter, ordinance, order, resolution, rule or resolve and shall be available to all governmental employees, including police officers and governmental employees involved in child welfare cases, who are required to exercise judgment or discretion in performing their official duties.

Applied to this case, employees are immune from personal civil liability when they are performing or fail to perform any discretionary function or duty, whether or not the duty is abused, or when they commit an intentional act or omission within the course and scope of

8

employment, provided the employee's intentional acts are not in bad faith. 14 M.R.S. §8111(1)(C), (E).

Riley does not dispute, and the facts maintain that at the time of the event Ehlermann was a school approved coach, coaching the school sponsored baseball team during a practice, under the authorization and direction of the school. His purpose as a coach was to serve the school in the furtherance of the baseball program. He was an employee for purposes of the MTCA. 14 M.R.S. §8102(1).

Additionally, Riley does not seem to challenge that Ehlermann was performing a discretionary function when deciding to conduct a drill, and then participate in it. Instead, Riley's argument is Ehlermann's physical actions and how hard to throw the baseball is what give rise to a factual dispute. The court disagrees.

A four-factor test is utilized to determine whether discretionary function immunity applies:

> (1)Does the challenged act, omission, or decision necessarily involve a basic governmental policy, program or objective? (2) Is the questioned act, omission, or decision essential to the realization or accomplishment of that policy, program, or objective as opposed to one which would not change the course or direction of the policy, program, or objective? (3) Does the act, omission, or decision require the exercise of basic policy evaluation, judgment, and expertise on the part of the

9

governmental agency involved? (4) Does the governmental agency involved possess the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission or decision. *Roberts v. State,* 1999 ME 89, ¶8; *Carroll v. City of Portland,* 1999 ME 131, ¶ 7.

In short, a governmental employee is not entitled to discretionary function immunity unless his allegedly tortious conduct required the exercise of judgment. *Carroll,* ¶ 9. The facts are not disputed that Ehlermann decided to participate in the drill, and as part of the drill intentionally threw the baseball to Riley. Ehlermann used his personal judgment and expertise when determining how hard to throw the baseball.

Application of the four factors from *Carroll* and *Roberts* cited above leads to the finding Ehlermann is entitled to immunity. The first, second, and fourth factors help determine whether the governmental employee was performing an official function or duty. *Carroll,* ¶ 7. The facts are not disputed that Ehlermann was coaching the Woodland school sponsored baseball team at a practice, at which he initiated and participated in a situational drill, including his throwing of the baseball. Ehlermann was clearly performing an official function or duty.

The third factor from *Roberts* and *Carroll* helps determine whether the function or duty was "discretionary" in nature, as opposed to merely ministerial. *Id.* In this case, the facts are not disputed that Ehlermann used his personal judgment and expertise when determining how

10

hard to throw the baseball. This is clearly a "discretionary" function. A discretionary act requires judgment or choice, whereas a "ministerial" act is mandatory and requires no personal judgment or choice. *Carroll,* at ¶ 9.

Although Riley concedes Ehlermann did not intentionally strike him in the face with the baseball, he argues his actions of throwing the ball at an unreasonable rate of speed was reckless. But that is not the test. Immunity is available even for intentional acts. *Jenness v. Nickerson,* 637 A.2d 1152, 1159 (Me. 1994).[1] So, whether Ehlermann intentionally or recklessly or negligently threw the ball at a high rate of speed is not the question. The question is was the rate of speed Ehlermann decided to throw the ball a product of his judgment and choice, and therefore "discretionary", or was it a "ministerial" act. As indicated above, the court finds the act was a discretionary act, made with no suggestion of bad faith.[2]

In conclusion, Defendants School Union 122 and Ehlermann are immune from liability and Plaintiff's claim is barred by the MTCA. None of the exceptions to immunity provided by §8104-A are applicable to the claims at issue, and Defendant Ehlermann is provided the

---

[1] Immunity for intentional torts is subject to the caveat the conduct is not so egregious that it exceeds, as a matter of law, the scope of any discretion they could have possessed in their official capacity. *Bowen v. Department of Human Services,* 606 A.2d 1051, 1055 (Me. 1992). Throwing the ball too hard or too fast during a situational drill is not such an egregious act.
[2] Again, Riley concedes Ehlermann did not intentionally hit him with the baseball.

immunity for discretionary functions pursuant to §8111. Defendants' Motion for Summary Judgment is GRANTED and judgment is entered in favor of Defendants Mark Ehlermann and School Union 122 and against Jon and Vanessa Connolly as parents and next friend of Riley Connolly on all claims and counts as set forth in Plaintiff's Complaint.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Dated: February 21, 2020

Harold Stewart, II

Justice, Superior Court

ENTERED ON THE DOCKET 2/21/2020

12